Filed 6/18/24  P. v. Villegas CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRED ISRAEL VILLEGAS,<br><br>    Defendant and Appellant. | F086751<br><br>(Super. Ct. No. VCF218166)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P. J., Detjen, J. and Snauffer, J.

## INTRODUCTION

Fred Israel Villegas, appellant, appeals from the denial of a petition for resentencing pursuant to Penal Code[1] section 1172.6.[2] Appellant argues the trial court improperly relied on police reports when denying his petition at the prima facie stage. The People concede denying the petition was error. We reverse the July 20, 2023 order denying appellant's section 1172.6 petition, and remand the matter directing the court to issue an order to show cause and conduct further proceedings as required by section 1172.6, subdivision (d).

## PROCEDURAL HISTORY

On March 6, 2009, the Tulare County District Attorney filed a complaint charging appellant with first degree murder (§ 187). It was further alleged appellant personally used a deadly weapon, a knife, in the commission of the crime (§ 12022, subd. (b)(1)), the murder was committed during the commission of a felony, burglary (§ 190.2, subd. (a)(17)), and appellant was an active participant in a criminal street gang and carried out the murder for the benefit of a street gang (§ 190.2, subd. (a)(22)). Appellant, who was a minor at least 16 years of age at the time, was also charged as an adult (Welf. & Inst. Code, § 707, subd. (d)(1)).

On June 9, 2010, appellant pled guilty to first degree murder and was sentenced to 25 years to life pursuant to an indicated sentence. The factual basis for the plea was marked as "[c]ounsel stipulate based on police report" in the minute order. Additionally, the sentencing court and counsel had the following exchange:

> "THE COURT: Counsel, is there a stipulation to a factual basis?
> "[DEFENSE]: Yes, the police reports, the taped interview of my client.
> "THE COURT: All right.
> "[PROSECUTOR]: Yes, Your Honor. There is a stipulation.

---

[1]     Statutory references are to the Penal Code unless otherwise designated.

[2]     Designated as section 1170.95 prior to June 30, 2022. (Stats. 2022, ch. 58, § 10.)

"THE COURT: All right. Is that based also [prosecutor] on the police reports?

"[PROSECUTOR]: Police reports and discussions we have had with the [c]ourt in chambers and the taped recordings.

"THE COURT: All right. And I find based on my conversation with counsel that there is a factual basis for the plea."

The remaining allegations were dismissed. Appellant also waived his appellate rights.

On March 24, 2023, appellant filed a section 1172.6 petition for resentencing. On April 6, 2023, appellant was appointed counsel and the matter was set for briefing. On July 12, 2023, the prosecution filed a "Notice of Ineligibility for Resentencing …." The prosecution argued the police reports were stipulated to as the factual basis for appellant's plea and were therefore part of the record of conviction. The reports showed appellant was the sole perpetrator and actual killer and he was ineligible for resentencing.

On July 20, 2023, the trial court denied appellant's petition. The court found the police reports comprised the record of conviction based on the stipulation previously given by appellant, and there was clearly no vicarious liability or imputed malice.

## STATEMENT OF FACTS

The facts are recited briefly as they appear in the police report excerpts attached as exhibits to the prosecution's "Notice of Ineligibility for Resentencing …." The excerpts show appellant gave two statements to officers regarding his involvement in the stabbing murder of the victim on March 3, 2009.

In an interview conducted March 4, 2009, at 3:15 p.m., appellant described in relevant part how he was with A.Z, T.R, and A.R when the group went to the victim's apartment complex and began removing light bulbs outside the rear glass doors of apartments and knocking on the glass doors and screens. Appellant said the group would bang on the doors and run away.

Appellant said the victim opened the sliding glass door, and appellant took one step into the apartment and slammed the door shut. A.R. was two feet behind

appellant at the time. Appellant denied stabbing the victim. Appellant claimed he cut his hand when he climbed a fence on his way home earlier that day.

In an interview conducted May 4, 2009, at 6:00 p.m., appellant told officers that on March 3, 2009, he was alone, walking around and removing lightbulbs from above the sliding glass doors of apartments and then banging on the doors. He banged on the sliding glass door of the victim's apartment, and saw the victim get off of the couch in the living room and approach and unlock the door. The victim was holding a kitchen knife in his right hand. Appellant took one step into the apartment and grabbed the knife blade, cutting his hand. He then took the knife from the victim and stabbed him at least twice.

## DISCUSSION

### I. Police Reports May Not Be the Basis For the Denial of a Section 1172.6 Petition at the Prima Facie Stage

Appellant argues he established a prima facie case for relief, and the trial court improperly relied on the police report excerpts attached to the prosecution's "Notice of Ineligibility for Resentencing …." to deny the petition. Appellant argues even though he stipulated to the reports as the factual basis for his plea, he did not admit to the truth of the facts therein. The People concede denial of the petition at the prima facie stage was error. We reverse the July 20, 2023 order denying the petition and remand the matter for further proceedings.

"A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts …." (§ 1172.6, subd. (a).)

Once a petition is filed and the parties are provided an opportunity to file briefs in response, the trial court shall hold a hearing to determine whether the petition has made a prima facie case for relief. (§ 1172.6, subd. (c).) "If the petitioner makes a prima facie

4.

showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

At the prima facie stage, the trial court may review the record of conviction to determine whether a prima facie showing has been made. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*).) This inquiry, however, is limited. " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

"When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' [Citations.] However, the court may only consider facts the defendant stipulated to as part of the factual basis or otherwise admitted as true." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.)

"Under section 1192.5, a trial court taking a plea must make 'an inquiry … of the defendant to satisfy itself … that there is a factual basis for the plea.' 'The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.] It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime [citation], nor does the trial court have to be convinced of [the] defendant's guilt.' [Citation.] In addition, '[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be

established by defense counsel's stipulation to a particular document.' [Citation.] Thus, absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' " (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235, review granted June 9, 2021, review dism. Jan. 19, 2022.)

"We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage .…" (*People v. Gaillard*, *supra*, 99 Cal.App.5th at p. 1211.)

Appellant stipulated to "the police reports" and "the taped interview of [appellant]" as the factual basis for his plea. The trial court orally announced the factual basis as "[p]olice reports" and "discussions we have had with the [c]ourt in chambers and the taped recordings." The minute order additionally indicated the factual basis was "based on police report[s]."

As discussed in *Rivera*, appellant's stipulation to the police reports as the factual basis to his plea is not an admission to the truth of every factual statement within. (*People v. Rivera*, *supra*, 62 Cal.App.5th at p. 235.) And as noted by the People, the police reports were incomplete, and contained inconsistent statements about appellant's involvement. The trial court would have necessarily had to engage in factfinding to reach a conclusion about whether appellant was eligible for relief.

The record likewise does not indicate the contents of the "taped interview" or the "discussions … in chambers" referenced during sentencing. We therefore cannot say, based on precedent and the " 'intentionally … very low' " prima facie standard, the record definitively establishes that appellant was ineligible for relief. (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

**DISPOSITION**

The July 20, 2023 order denying appellant's section 1172.6 petition is reversed, and the matter remanded with direction for the trial court to issue an order to show cause and conduct further proceedings as required by section 1172.6, subdivision (d).